Nov. Term,
1848.
─────────
Lucas
v.
Heaton.

─────────────

## Lucas *v.* Heaton and Another.

In a suit against the defendants for the breach of a contract to pay for wheat in specified quantities of flour and bran, the value of the flour and bran, not that of the wheat, is the measure of the damages.

Friday,
January 12,
1849.

ERROR to the *Tippecanoe* Circuit Court.

Smith, J.—Assumpsit, commenced before a justice of the peace, on the following bill of particulars as a cause of action:

*William Heaton* and *Andrew T. Heaton*,

To *Martin Lucas*,          Dr.

*February* 25th, 1845, to 20 bush. and 48 lbs. wheat
at 80c.·································$16 64

*February* 25th, 1845, to 20 bush. and 24 lbs. wheat
at 80c.······························· 16 32

*February* 25th, 1845, to 20 bush. and 24 lbs. wheat
at 80c.······························· 16 32

*February* 26th, 1845, to 18 bush. and — lbs. wheat
at 80c.······························· 14 40

October 6th, 1845, to 76 bush. and 11 lbs. wheat

at 80c.········································· 60 94¾

$124 62¾

Cr.   By flour got at different times, ··········· $25 00

$99 62¾

There was a trial before the justice on the general issue, and a judgment for the defendants.   On appeal, in the Circuit Court, there was a trial with a similar result. Motion for a new trial overruled.

It appears, by a bill of exceptions, that the plaintiff offered in evidence several receipts for quantities of wheat, corresponding with those stated in the bill of particulars, worded as follows:

"Received of *Martin Lucas* 76 bush. 11 lbs. of wheat on deposit, subject to mill-book ac't.

"*Wm. Heaton* and *Son.*"

The plaintiff proved that the quantities of wheat mentioned in said receipts were delivered in the mill of the defendants at the times therein specified; that the words " mill-book ac't.," meant that the plaintiff was to receive thirty-six pounds of flour and one bushel of bran for each bushel of wheat; that the wheat was to be credited to the plaintiff on the mill books, and the flour and bran, when obtained, charged to him; that the wheat, when put into the mill, was mixed with the common stock then on hand, and afterwards the whole stock was ground into flour, and the flour sold by the defendants.

The defendants objected to the reading of these receipts in evidence, and the objection was sustained.   The plaintiff also offered to prove, that he had made a demand for the flour and bran, and the value of *the wheat* at the time of its delivery and at the time the demand was made, which he was not permitted to do.

As the contract proved was a special one for the delivery of specified quantities of flour and bran, and does not appear to have been rescinded, the measure of the damages which the plaintiff would have been entitled to

Nov. Term,
1848.

recover for a breach of it by the defendants, was the value of the flour and bran the former was to receive, and not the price or value of the wheat delivered by him. We think, therefore, the evidence thus offered and rejected would not have sustained the cause of action filed, and would not have entitled the plaintiff to a judgment if it had been admitted. See *Ellison* v. *Dove*, *November* term, 1847 (1).

*Per Curiam.*—The judgment is affirmed with costs.

*S. A. Huff*, for the plaintiff.

*A. M. Crane* and *E. H. Brackett*, for the defendants.

