## SINGER v. FARNSWORTH.

The defendant contracted to furnish the plaintiff a certain machine for one hundred dollars, and, until it was constructed, he was to let the plaintiff have a machine, then finished, for his use. He delayed furnishing said last-mentioned machine for three months. *Held,* that the measure of damages was the value of the use of the machine during the time the plaintiff was deprived of it.

ERROR to the *Jefferson* Circuit Court.

SMITH, J.—Assumpsit commenced before a justice of the peace, and appealed to the Circuit Court.

The evidence shows that the defendant, by a contract in writing, dated *May* 12th, 1845, agreed, in consideration of 100 dollars, to furnish and deliver to the plaintiff a patent machine for sawing saddle-trees, as soon as such a machine could be conveniently manufactured; and that, in the meantime, until said new machine should be delivered, the plaintiff should have the use, free of charge, of a machine of the same kind belonging to the defendant, but then in the plaintiff's possession.

The plaintiff also proved that, about three months after this contract was made, the defendant desired to obtain possession of the machine in the plaintiff's possession, and which he had been using, for the purpose of selling it to another person, and agreed with the plaintiff that, if the latter would permit him to have it for that purpose, he would furnish another of the same kind, then in the possession of one *Urie,* for the use of the plaintiff until the new machine contracted for should be completed. The plaintiff agreed to this arrangement, and the machine he had been using was removed by the defendant;

May Term, but the latter did not furnish the plaintiff with the ma-
1851.   chine he agreed to substitute for it.   The plaintiff con-
SINGER   sequently remained without a machine for about three
v.
FARNSWORTH. months, or until about the 1st of *September*, 1848, when
the new machine was furnished him.

There was evidence given of the quantity of work which
the machine could perform, and that the plaintiff was in-
jured in his business, and was obliged to discharge some
of his workmen in consequence of his being deprived of
the use of the said machine.

The Court found that the plaintiff had sustained dam-
ages to the amount of one dollar and twenty-five cents,
and rendered a judgment in his favor for that amount,
from which judgment he appeals to this Court.

The record does not show what measure of damages
was adopted by the Court; but we are informed, by the
counsel for the plaintiff in error, that the sum for which
the judgment was rendered was found by computing six
*per cent.* interest on the original cost of such a machine
as the defendant contracted to furnish the plaintiff.

We think the proper measure of damages is the value
of *the use* of the machine during the time the plaintiff
was deprived of the use of it; not the profits which might
have been derived from it, but the reasonable rent or
hire of such a machine.   Suppose the defendant had
agreed to deliver, for a sufficient consideration, a certain
horse at a future period, and that, until the said horse
was delivered, the plaintiff should have the use of a cer-
tain other horse belonging to the defendant.   If, in such
a case, the defendant had broken his contract, by refus-
ing to permit the plaintiff to have the use of such other
horse, we think it quite clear the proper measure of dam-
ages would have been the value of the services of the
horse during the time the plaintiff was deprived of them.
In such cases, the law aims to give the party injured, by
a breach of contract, the value of that which the other
party stipulated to perform; but that value is to be com-
puted according to the ordinary and reasonable prices at
which similar services, or the use of similar property to

that which ought to have been furnished, could be procured from other sources, and not from the speculative profits which might have been made from such services or such property, the complaining party making no effort to supply its place. See *Ellison* v. *Dove*, 8 Blackf. 571.— *Lucas* v. *Heaten*, Ind. R. 184 (1).

We think, also, there was sufficient evidence to show that the value of the use of the machine in question was more than 1 dollar and 25 cents, if it was of any value at all. The Court must, therefore, have applied an erroneous measure of damages, and we think there ought to be a new trial.

*Per Curiam.*—The judgment is reversed with costs.

*J. R. Troxall*, for the plaintiff.

*G. Sullivan*, for the defendant.

(1) See 1 Carter's Ind. R. 264.